UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

NAVID MEHDI POUR,

Petitioner,

v.

PAMELA BONDI; KRISTI NOEM;
LAURA HERMOSILLO; BRUCE
SCOTT; and UNITED STATES
IMMIGRATION AND CUSTOMS
ENFORCEMENT,

Respondents.[1]

C26-0562 TSZ

ORDER

THIS MATTER comes before the Court on a petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2241, docket no. 5.  Having reviewed the petition, respondents' return, petitioner's traverse, and the submitted declarations and exhibits, the Court GRANTS the habeas petition for the reasons set forth in this Order.

---

[1] Todd Blanche, Acting U.S. Attorney General, is substituted for former Attorney General Pamela Bondi, Markwayne Mullin, Secretary of the U.S. Department of Homeland Security, is substituted for former Secretary Kristi Noem, and Julio Hernandez, Director of the Seattle Field Office of U.S. Immigration and Customs Enforcement ("ICE"), is substituted for former Acting Director Laura Hermosillo.  See Fed. R. Civ. P. 25(d).

ORDER - 1

**Background**

Petitioner Navid Mehdi Pour is a citizen of Iran.  Pet. at 5 (docket no. 5).  Fearing religious persecution, Petitioner fled Iran and entered the United States on October 20, 2024, without being admitted or paroled.  Id.; Douglas Decl. at ¶ 3 (docket no. 10); Ex. B to Andrade Decl. (docket no. 9-2 at 3).  On the same day, U.S. Customs and Border Protection patrol agents encountered and arrested Petitioner before transporting him to a detention facility in San Diego, California.  Douglas Decl. at ¶ 4 (docket no. 10).  Petitioner claimed fear of return to Iran and was subsequently referred to U.S. Citizenship and Immigration Services ("USCIS") for a credible fear interview.  Id. at ¶ 5.  On February 10, 2025, USCIS issued a notice to appear charging Petitioner as removable.  Id. at ¶ 6.  On July 3, 2025, Petitioner appeared with counsel for his final merits hearing on his application for relief before an immigration judge.  Id. at ¶ 8.  The immigration judge ordered Petitioner removed from the United States and granted withholding of removal to Iran.  Id.; Order of the Immigration Judge, Ex. D to Andrade Decl. (docket no. 9-4 at 4).

On July 31, 2025, ICE Enforcement and Removal Operations ("ERO") determined that it would pursue third country removal of Petitioner following his removal order.  Douglas Decl. at ¶ 9 (docket no. 10).  On or about December 22, 2025, ERO headquarters notified ERO Tacoma that the former was "actively working on third country removal cases" and ERO Tacoma "was instructed to continue working to effectuate third country removal by reviewing case files and working with the alien under the removal order to aid in his or her removal by asking questions about any nexus to other countries or

ORDER - 2

evidence of connections to other countries, such as in the form of family ties." Id. at ℙ 10. On February 13, 2026, Petitioner stated that he would claim fear as to any third country to which ERO attempted to remove him, and ERO served Petitioner a Warning for Failure to Depart, Form I-229(a), based on Petitioner's "failure to cooperate in his removal as an alien with a final order." Id. at ℙ 11. Petitioner was directed to "contact foreign consulates of countries he would be willing to depart to and provide evidence of his efforts." Id. On February 20, 2026, ERO Tacoma contacted ERO headquarters about third-country removal to Uganda. Id. at ℙ 13. ERO headquarters has not issued guidance on third country removal of Petitioner to Uganda. Id.

**Discussion**

**A.    Jurisdiction**

With one exception relating to Petitioner's request for injunctive relief against third country removal,[2] Respondents do not challenge the Court's jurisdiction. The Court has authority to grant a writ of habeas corpus to an individual who is in custody "in

---

[2] Respondents argue that the Court should decline to exercise any jurisdiction as to Petitioner's third country removal claim because Petitioner is a member of the class certified in D.V.D. v. U.S. Dep't of Homeland Sec., 778 F. Supp. 3d 355 (D. Mass. 2025), and cannot seek individual relief in this separate action. See Return at 9 n.2 (docket no. 8). This Court, like others in this district, adopts the analysis of this issue in Nguyen v. Scott, 796 F. Supp. 3d 703 (W.D. Wash. 2025), and the Nguyen Court's findings that (1) "The class certification order in D.V.D. does not prevent this Court from adjudicating Petitioner's claims regarding third-country removal," and (2) absent "clear guidance from the Supreme Court," which the emergency docket order in D.V.D. does not provide, this Court must follow well-established precedent. Id. at 729–32; see Elshourbagy v. Bondi, --- F. Supp. 3d ---, 2025 WL 3718993, at *7 (W.D. Wash. Dec. 23, 2025); Baltodano v. Bondi, 2025 WL 3484769, at *2 (W.D. Wash. Dec. 4, 2025); Abubaka v. Bondi, 2025 WL 3204369, at *2, 8 (W.D. Wash. Nov. 17, 2025).

ORDER - 3

violation of the Constitution or law or treaties of the United States." See 28 U.S.C. § 2241(c)(3).

**B.      Post-Removal-Order Detention**

After a removal order becomes final, ICE is authorized to detain a noncitizen, but not indefinitely. See Zadvydas v. Davis, 533 U.S. 678, 698–99 (2001); see also 8 U.S.C. § 1231(a). If, after the presumptively reasonable six-month period following entry of a final removal order, the individual at issue cannot be removed from the United States, the noncitizen is entitled to habeas relief if (i) he or she provides "good reason to believe" that "no significant likelihood" exists of "removal in the reasonably foreseeable future," and (ii) the habeas respondent fails to rebut this contention. See Zadvydas, 533 U.S. at 701. In this matter, the presumptively reasonable six-month post-removal-order period has expired, as Respondents concede; Petitioner has been in the Northwest ICE Processing Center ("NWIPC") for over seventeen months, including eight months since the order of removal and withholding of removal to Iran were finalized on July 3, 2025. Pet. at 3 (docket no. 5); see Return at 7 (docket no. 8).

Petitioner has made the requisite showing, and Respondents do not dispute that, no significant likelihood exists of Petitioner's removal to Iran in the reasonably foreseeable future; Petitioner cannot, in fact, be removed to Iran. Respondents argue, however, that Petitioner is not entitled to habeas relief because he is not cooperating with efforts to remove him to a third country, citing Pelich v. INS, 329 F.3d 1057 (9th Cir. 2003). See Return at 2, 7–8 (docket no. 8). Pelich does not support Respondents' position. In that case, the petitioner was refusing to secure travel documents from the country of

ORDER - 4

citizenship, to which the petitioner had been ordered removed. See Pelich, 329 F.3d at 1058–62. Respondent cites no authority for the proposition that Petitioner may not seek relief under Zadvydas because he declines to assist in his potentially unlawful removal to a third country. See, e.g., Revenko v. Bondi, 2025 WL 4070027, at *3 (W.D. Wash. Dec. 29, 2025) (indicating that, if the U.S. Department of Homeland Security ("DHS") seeks to remove a petitioner to a third country, "it must move to reopen Section 240 removal proceedings, and a hearing must be held before an immigration judge so the petitioner can apply for relief as to the specific country of removal").

**C.    Third Country Removal**

Respondents have now represented, only after the habeas petition was filed, that they are exploring Uganda as a possibility for third country removal. Douglas Decl. at ¶ 13 (docket no. 10). No other third country has been identified. Petitioner has made the requisite showing, and Respondents have failed to rebut it. Petitioner has no ties to Uganda, and Respondents have no guidance from ERO headquarters as to the viability of removing anyone, not just Petitioner, to Uganda. See Traverse at 5 (docket no. 11). Respondents have failed to demonstrate that Petitioner's removal to Uganda is even possible, let alone significantly likely to occur in the reasonably foreseeable future. Other courts have concluded that generalized statements of intent to remove or of reviewing whether third country removal is available are insufficient. See, e.g., Tran v. Noem, 2025 WL 3268491, at *3 (E.D. Cal. Nov. 24, 2025) ("Respondents have not provided any specific efforts they have made to obtain a travel document from Vietnam for Petitioner and have not stated whether they have an indication from Vietnam that it is

likely to issue such a travel document."); Hambarsonpour v. Bondi, 2025 WL 3251155, at *3 (W.D. Wash. Nov. 21, 2025) (holding that removal was not significantly likely in the reasonably foreseeable future where government "has provided nothing beyond assertions that travel documents and removal will occur 'soon'"); Hoac v. Becerra, 2025 WL 1993771, at *4 (E.D. Cal. July 16, 2025) ("The fact that Respondents intend to complete a travel document request for Petitioner does not make it significantly likely he will be removed in the foreseeable future."). This Court concludes the same.

**D.    Injunctive Relief**

Petitioner seeks an injunction against (1) future re-detention without pre-deprivation notice and a hearing, (2) removal to any third country without notice and ability to respond and contest the removal, and (3) removal to any third country because Respondents' third-country removal policy is punitive in violation of the Fifth and Eighth Amendments.[3] Pet. at 3, 9, 12, 22–26 (docket no. 5); Traverse at 10–14 (docket no. 11). "A plaintiff or petitioner 'seeking a permanent injunction must demonstrate (1) that he has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction.'"

---

[3] Petitioner's third injunctive relief request is DENIED without prejudice. Respondents have expressed clear intent to remove Petitioner to a third country, such as Uganda. Return at 6 (docket no. 8); Douglas Decl. at ¶ 13 (docket no. 10). Petitioner has offered no evidence, however, that Iranian nationals removed to Uganda face imprisonment or other punitive treatment upon arrival. See Elshourbagy, 2025 WL 3718993, at *9–10.

ORDER - 6

Elshourbagy, 2025 WL 3718993, at *9 (quoting eBay Inc. v. MercExchange, L.L.C., 547 U.S. 388, 391 (2006)).

The Court GRANTS Petitioner's first injunctive relief request.  Respondents argue that the due process relief Petitioner requests has already been addressed by existing DHS policy.  Return at 9–11 (docket no. 8) (citing a July 9, 2025, Memorandum to All ICE Employees, attached as Ex. 1 to Pet. (docket no. 5-1)).  The procedures set forth in the memorandum, however, "fall far short" of what due process requires.  See Elshourbagy, 2025 WL 3718993, at *8.  Moreover, the conduct leading to Petitioner's current detention at NWIPC does "not inspire confidence" that, absent a court order, Respondents will afford Petitioner process that is consistent with their own policies and regulations, applicable statutes, and the United States Constitution.  See id. at *8–9.

The Court also GRANTS Petitioner's second injunctive relief request.  Several courts in this district have issued such injunctive relief, and the Court sees no reason to depart from the reasoning and analysis of those courts.  See, e.g., Baltodano, 2025 WL 3484769, at *7; Hambarsonpour, 2025 WL 3251155, at *4; Abubaka, 2025 WL 3204369, at *7.

**Conclusion**

For the foregoing reasons, the Court ORDERS:

(1)    The petition for a writ of habeas corpus, docket no. 5, is GRANTED, and Respondents shall RELEASE Petitioner Navid Mehdi Pour from custody at the NWIPC no later than Saturday, April 11, 2026, at 12:00 p.m. (noon) PST;

ORDER - 7

(2)     No later than Monday, April 13, 2026, at 12:00 p.m. (noon) PST, Respondents shall file a declaration confirming that Petitioner has been timely released from custody;

(3)     Respondents are ENJOINED from re-detaining Petitioner without at least seven (7) days' advance written notice and a pre-deprivation hearing before a neutral decisionmaker;

(4)     Respondents are ENJOINED from removing Petitioner to any other country without providing Petitioner with notice and a meaningful opportunity to respond in compliance with 8 U.S.C. § 1231 and due process in reopened removal proceedings;

(5)     Petitioner's request for an injunction barring any third-country removal pursuant to Respondents' allegedly unconstitutionally punitive third-country removal program is DENIED without prejudice; and

(6)     The Clerk is directed to enter judgment consistent herewith after the declaration required by Paragraph 2, above, has been filed and to send a copy of this Order and the Judgment to all counsel of record.

IT IS SO ORDERED.

Dated this 10th day of April, 2026.

Thomas S. Zilly
United States District Judge

ORDER - 8